FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 06 2024

BY
DEPUTY_____

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| SUBPOENA ISSUED TO | § | C.A. No. 1:24mc 3 |
| REAUD, MORGAN & QUINN, LLP | § | |

## PLAINTIFF'S MOTION TO QUASH OR MODIFY SUBPOENA

COMES NOW, REAUD, MORGAN & QUINN, LLP, and pursuant to Fed.R.Civ.P. 45 files this its Motion to Quash or Modify Subpoena and in support of same would show as follows:

I.

On July 24, 2024, Movant Reaud, Morgan & Quinn, LLP (hereinafter "RMQ") was served with the redacted subpoena attached hereto as Exhibit "A".[1]

II.

The factual background to this subpoena is that, in April 2023, Shewak Lajwanti Home Fashions, Inc. (the party which issued the subpoena) (hereinafter "SLHF") and Maverick International, Ltd. (hereinafter "Maverick") entered into a Tolling Agreement, a true and correct copy of which is attached hereto as Exhibit "B".

The Tolling Agreement obligated Maverick to, in the event of recovery of a

---

[1] The original subpoena contains a reference to a specific dollar figure. That dollar figure is referable to a confidential settlement reached in another matter.

lawsuit against a third-party, deposit the recovery funds into, *inter alia*, an IOLTA account, as more fully stated below:

> 3. Any monetary proceeds recovered by or awarded to Maverick or the alleged Joint Venture in the Texas Action, as a result of settlement, summary judgment, trial or any other proceeding pursuant to which the matter is adjudicated or resolved (the "Funds"), shall be placed in an existing IOLTA account, from which Maverick will not disburse the Funds until after a determination in the Central District Action by settlement, summary judgment or trial; or a segregated bank account governed by a deposit account control agreement that bars and restricts the ability of Maverick, its representatives, and the bank to disburse the Funds until after a determination in the Central District Action by settlement, summary judgment, trial or any other proceeding pursuant to which the Parties' respective rights to the Funds is determined.

Maverick (by and through its counsel, RMQ) did in fact deposit said recovery into RMQ's existing IOLTA account. RMQ has previously provided SLHF with an affidavit from its bookkeeper verifying that the proceeds were deposited therein, as well as the corresponding wire transfer from the third-party Defendant.

Nevertheless, SLHF has served the attached document subpoena on RMQ.

III.

The subpoena is objectionable for the following reasons

**First:** The subpoena calls for the production of privileged and confidential information. Bank records for RMQ's IOLTA account, even the basic "monthly statement" (and certainly "Bank Records" as defined in the Subpoena), will contain information about client settlement amounts. Such information is protected by the attorney-client privilege.

**Second:** The subpoena calls for disclosure of RMQ's trade secrets and/or proprietary information. Production of RMQ's IOLTA account records would reveal information about the business aspects of RMQ's law practice, to-wit: the volume of cases resolved by RMQ in an average month/quarter/year, and would allow a reasonable estimate of the fee income received by RMQ in an average month/quarter/year. Such information is not made public by RMQ (or, upon information and belief, almost every law firm except for some "advertising firms") and RMQ does not wish for such information to be made known to the public or even to counsel for SLHF.

**Third:** The subpoena is wildly overbroad, seeking "all documents" and "any and all communications" "regarding or relating to the settlement proceeds" from July 26, 2023 to present. In addition to its overbreadth, the subpoena also would sweep in numerous communications which are protected by both attorney-client and attorney-work-product privilege.[2]

As such, the subpoena imposes an undue burden upon RMQ. Fed.R.Civ.P.. 45(d)(1), 3(A)(iv). If SLHF persists in its efforts, RMQ will supplement this Motion with declarations in this regard.

---

[2] Bear in mind, of course, that the settlement proceeds arise out of the settlement of one case, and are currently the subject of not only the California case listed in the subpoena but also a separate action currently on file in the 136th Judicial District Court of Jefferson County, Texas. In both of those cases, Maverick (represented by RMQ) is engaged in ongoing litigation against SLHF.

IV.

RMQ has offered to provide to SLHF an updated affidavit confirming that the funds remain in the IOLTA account.  If SLHF refuses to accept this, RMQ reserves the right to seek sanctions pursuant to Fed.R.Civ.P. 45(d)(1).

WHERFORE, PREMISES CONSIDERED, Movant prays that the Court grant this motion, and grant Movant all relief, at law or in equity, as to which it is justly entitled.

>Respectfully submitted,
>REAUD, MORGAN & QUINN, L.L.P.
>801 Laurel Street
>Post Office Box 26005
>Beaumont, Texas 77720-6005
>Telephone:  (409) 838-1000
>Telecopier:  (409) 833-8236
>
>By: */s/ John G. Werner*
>Glen Morgan
>State Bar No. 14438900
>gmorgan@rmqlawfirm.com
>John G. Werner
>State Bar No. 00789720
>jwerner@rmqlawfirm.com
>
>**Attorneys for Plaintiff**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing instrument has been forwarded to all appropriate parties on this 6th day of August, 2024.

>*/s/ John G. Werner*
>John G. Werner